UNITED STATES of America,
Appellee,

v.

Edward R. CARABALLO, Jose Manuel
Urena, Defendants,

Manuel E. Pena, Defendant–Appellant.

No. 05–4293–cr.

United States Court of Appeals,
Second Circuit.

March 7, 2007.

Glenn A. Garber, New York, New York, for Appellant.

Celeste L. Koeleveld, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, Deirdre A. McEvoy, Assistant United States Attorney, on the brief), New York, New York, for Appellee.

PRESENT: Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR, Circuit Judges, Hon. CAROL BAGLEY AMON, District Judge.*

## SUMMARY ORDER

Defendant-appellant Manuel E. Pena appeals from a July 19, 2005 final order of the United States District Court of the Southern District of New York (Kaplan, J.) declining to resentence defendant and affirming his original sentence for his guilty plea on two counts of violating 21 U.S.C. § 846 for conspiring and attempting to violate the narcotics laws of the United States. We assume the parties' familiarity with the facts of this case, its relevant procedural history, and the issues on appeal.

■ Reviewing the district court's decision for unreasonableness, *see United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir.2006), this Court finds no merit to Pena's claims that the failure to resentence him was procedurally or substantively unreasonable. First, Pena argues that the district court's decision was procedurally

unreasonable because the district court gave no reasons for its determination. We have, however, held that "no specific verbal formulations should be prescribed to demonstrate the adequate discharge of the duty to 'consider' matters relevant to sentencing." *See United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005). Judge Kaplan clearly considered defense counsel's letter brief detailing why Pena was entitled to a lower sentence by memo-endorsing his denial on the letter brief itself. Pena has, moreover, failed to demonstrate that the district court misunderstood the arguments contained in his letter brief or the statutory requirements as outlined by our April 22, 2006, post-*Crosby* remand. Because the "the judge [wa]s aware of both the statutory requirements and the sentencing range ... that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance, we will accept that the requisite consideration has occurred." *Id.* Accordingly, we find no unreasonableness here.

■ Second, we find no merit to Pena's contention that his sentence was substantively unreasonable. Pena contends that it was unreasonable for the district court to have sentenced him to the same term as his co-defendant Jose Manuel Urena because "Pena had the least significant role in the offense, and held a position that was substantially inferior to Urena's." While under 18 U.S.C. § 3553(a)(1), "it is appropriate for a district court ... to impose a sentence that would better reflect the extent to which the participant [co-defendants] in a crime are similarly (or dissimilarly) situated and tailor the sentences

---

* The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

accordingly," *United States v. Wills*, 476 F.3d 103, 110 (2d Cir.2007), the consideration of a single 3553(a) factor "is not synonymous with a requirement that the factor be given determinative or dispositive weight ... inasmuch as it is only one of several factors that must be weighted and balanced by the sentencing judge." *Fernandez*, 443 F.3d at 32.[1] At the original sentencing, Judge Kaplan found that Pena played an "integral part" in the drug transaction. Pena, for instance, was the first to speak to the drug courier. He told the courier that the payment for the drugs was available, gave the courier money for his livery cab, and helped the courier move the drugs. Because reasonableness review is "akin to abuse of discretion," Pena did not meet his burden of showing that Judge Kaplan "exceeded the bounds of allowable discretion[,] ... committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *See United States v. Williams*, 475 F.3d 468, 474 (2d Cir.2007) (internal quotation marks omitted).

Accordingly, the district court's judgment is AFFIRMED.

---

1. On appeal, Pena also argues that his sentence was substantively unreasonable under 18 U.S.C. § 3553(a)(6) because the district court judge failed to avoid unwarranted sentencing disparities among similarly situated defendants. However, this Court has noted that 18 U.S.C. § 3553(a)(6) was created to eliminate sentencing disparity on a national level and it is unclear whether this provision permits co-defendant comparisons. *Wills*, 476 F.3d at 108–09. Pena offered no evidence that his sentence was part of a national sentencing disparity. Even assuming, furthermore, that the unwarranted-disparities rule applies to the comparison of codefendants, and that it was unreasonable to sentence Pena and Urena identically in view of their different roles, Pena has made no demonstration that his sentence was unreasonably long, rather than Urena's sentence being unreasonably short. We find this argument meritless.